UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                              Case No. 14-31761-DHW
                                                   Chapter 13
MICHAEL L. DAVISON,

    Debtor.

**ORDER OVERRULING OBJECTION TO CLAIM**

**ORDER SUSTAINING OBJECTION TO CONFIRMATION**

**ORDER DENYING CONFIRMATION AND CONDITIONALLY DISMISSING CASE**

    Before the court is the Debtor's Objection to Claim #9 (Doc. #42) of Karen S. Rodgers (hereinafter "Rodgers") and the Objection to Confirmation of Plan (Doc. #39) filed by Rodgers. The claim of Rodgers is based upon her representation of the debtor's former spouse, Rolanda Davison, in proceedings related to the parties' divorce. For the following reasons, the debtor's objection to claim will be overruled, the objection to confirmation will be sustained, and the case will be dismissed unless an amended plan is filed to provide for the claim of Rodgers as a priority, DSO claim.

Jurisdiction

    The court's jurisdiction in these matters is derived from 28 U.S.C. § 1334 and from an order of the United States District Court for this district wherein that court's jurisdiction in title 11 matters was referred to the bankruptcy court. *See* General Order of Reference [of] Bankruptcy Matters (M.D. Ala. April 25, 1985). Further, because these objections involve matters concerning the administration of the estate, these are core proceedings under 28 U.S.C. § 157(b)(2)(A), thereby extending this court's jurisdiction to the entry of a final order of judgment.

Procedural History

    The debtor and his former spouse, Ms. Davison, entered a settlement agreement related to their divorce proceedings on February 23, 2011. (Doc. #39,

Ex. 4) The Circuit Court of Montgomery County, Alabama incorporated this Settlement Agreement into the Final Judgment of Divorce which was entered on March 8, 2011. (Doc. #39, Ex. 5) In the Settlement Agreement, the parties stipulated to the amount of child support obligation owed by the debtor to Ms. Davison. They also agreed that the debtor would sign the title of a 2007 Chevy Tahoe over to Ms. Davison and that the vehicle would be registered in her name and would be hers. However, the debtor was to continue to make the monthly payments due on the vehicle until the loan was paid in full or Ms. Davison obtained another vehicle. (Doc. #39, Ex. 4)

Subsequently, Ms. Davison filed a petition for contempt and a petition to modify in the circuit court. On February 25, 2014, the Circuit Court of Montgomery County entered an Order which made determinations related these petitions, as well as the answer and counter petition to modify that were filed by the debtor. (Doc. #39, Ex. 3) The court found that the debtor was in contempt of court for his failure to maintain the payments on the Tahoe. Further, it awarded judgment to Ms. Davison for the arrearage on the vehicle payments and ordered that the debtor would re-commence making the monthly payments going forward. The court also modified the amount of child support obligation owed by the debtor to Ms. Davison. Attorney fees and costs in the amount of $1,808.00 were also awarded to Ms. Davison. (Doc. #39, Ex. 3) The court then denied the debtor's counter petition to modify, stating that the request involved a property settlement over which the court did not have jurisdiction. (Doc. #39, Ex. 3)

On July 8, 2014, the debtor filed his petition under chapter 13. Rodgers filed a proof of claim in the case based upon the February 25, 2014 judgment of the circuit court. The claim was filed as an unsecured priority claim, as Rodgers asserted that it was for a domestic support obligation. Rodgers also filed an objection to the confirmation of the debtor's plan based upon his treatment of her claim as a general unsecured debt rather than a priority claim as part of a domestic support obligation. The debtor filed an objection to the claim of Rodgers, asserting that the debt is not a domestic support obligation and therefore was not entitled to priority status.

The court set the matters for an evidentiary hearing on October 27, 2014. At the hearing, neither party presented testimony, but instead, the divorce documents and related circuit court orders were submitted to the bankruptcy court. The issue presented is whether the claim of Rodgers for attorney's fees accrued in the representation of Ms. Davison is a domestic support obligation so that it is entitled to priority claim status.

## Conclusions of Law

Federal law governs the determination of whether a debt is a support obligation or a property settlement. *In re Harrell*, 754 F.2d 902, 905 (11th Cir. 1985). "A debt is in the nature of support or alimony if at the time of its creation the parties intended the obligation to function as support or alimony." *Cummings v. Cummings*, 244 F.3d 1263, 1265 (11th Cir. 2001).

However, courts look to other factors in order to determine the parties' subjective intent concerning alimony versus a property settlement. The label or form given an obligation by the divorce decree or the parties' stipulations is not determinative; rather, the court must look to the substance of the obligation to make the determination. *Ackley v. Ackley*, 187 B.R. 24, 26 (N.D. Ga. 1995); *Bedingfiled v. Bedingfield (In re Bedingfield)*, 42 B.R. 641, 645 (S.D. Ga. 1983). State law may also aid in making such a determination. *Hughes v. Hughes (In re Hughes)*, 16 B.R. 90, 92 (Bankr. N.D. Ala. 1981).

Courts use several factors when considering the classification of an obligation as alimony or a property division:

> 1) whether applicable state law would deem the obligation to be alimony or property settlement; 2) whether the obligation ends upon the happening of contingencies, such as remarriage; 3) whether the payments are periodic or a lump sum; 4) whether the obligation was constructed to reduce the disparities in the parties' relative earning power; 5) whether the spouse is directly or indirectly benefitted by the payment; and 6) whether the parties have minor children whose support is in question.

*English v. English (In re English)*, 99-13129-WSS (Bankr. S.D. Ala. July, 2001) (citations omitted).

The Eleventh Circuit has held that "an attorney fees award arising from a post-dissolution custody action constitutes 'support' for the former spouse under 11 U.S.C. § 523(a)(5)." *In re Strickland*, 90 F.3d 444, 447 (11th Cir. 1996) Therefore, whether or not the claim of Rodgers is a domestic support obligation is to be determined based upon whether her representation of Ms. Davison was related to a domestic support obligation or a property settlement matter.

In these matters, as no testimony was offered, the court will determine the intent of the parties based upon the divorce documents and the court orders that

were submitted. The $1,808.00 that the debtor owes to Rodgers was incurred when she represented Ms. Davison by filing the petition for contempt and the petition to modify.

The petition to modify was related to the child support that the debtor owes to Ms. Davison. Attorney fees awarded as part of a child support or custody situation are in the nature of support, as determined by the Eleventh Circuit. Therefore, the portion of the fees that were awarded for Rodgers' representation on the petition to modify are entitled to priority status as a domestic support obligation.

The petition for contempt related to the payments on the Tahoe. It is unclear from the settlement agreement and final judgment of divorce as to whether these payments were part of a property settlement or if they were intended to be a support obligation. Under Alabama state law, alimony is modifiable, but a property settlement in a divorce is not modifiable. *See Delaine v. Delaine (In re Delaine)*, 56 B.R. 460, 466 (Bankr. N.D. Ala. 1985); *Hager v. Hager*, 299 So. 2d 743, 749 (Ala. 1974). Thus, the circuit court declined the debtor's petition to modify for the reason that the debtor was requesting modification to a property settlement. The fact that the circuit court simultaneously granted judgment on Ms. Davison's petition for contempt indicates that the court viewed the payments on the Tahoe as a support obligation and not a property settlement. While the state court's treatment alone is not determinative, none of the other factors support a contrary finding in this case. Therefore, Rodgers claim for fees related to the petition for contempt are also entitled to priority status as part of a domestic support obligation.

Conclusion

In accordance with the foregoing reasons, it is

ORDERED that the Objection to Claim #9 (Doc. #42) is OVERRULED and the claim is allowed as filed. It is

FURTHER ORDERED that the Objection to Confirmation (Doc. #39) is SUSTAINED. It is

FURTHER ORDERED that confirmation of the plan is hereby DENIED and the case is DISMISSED unless an amended plan treating claim #9 as a priority claim is filed within 21 days of the date of this order.

Done this 24th day of November, 2014.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Debtor
Paul D. Esco, Attorney for Debtor
Curtis C. Reding, Trustee
All Creditors